**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MELYNDA DUCHMANN AND**                                **PLAINTIFFS**
**DWAYNE DUCHMANN**

**v.**                                                 **CAUSE NO.:** 1:23cv304 TBM-RPM

**WESTCHESTER SURPLUS LINES
INSURANCE COMPANY**                                          **DEFENDANT**

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Westchester Surplus Lines Insurance Company ("Defendant") removes to this Court the matter of *Melynda Duchmann et al. v. Westchester Surplus Lines Insurance Company, Civil Action No. 23-CV-149PH*, filed in the Circuit Court of Pearl River County, Mississippi. In support, Defendant states as follows:

Plaintiffs, Melynda Duchmann and Dwayne Duchmann, ("Plaintiffs") filed their Complaint on August 25, 2023 in the Circuit Court of Pearl River County, Mississippi. *See* Complaint attached as Exhibit "A." The parties are diverse and the amount in controversy exceeds $75,000 such that this Court has jurisdiction over the matter.

**A**. **The Notice of Removal is timely.**

Plaintiffs filed their Complaint on August 25, 2023. Exhibit A (Complaint). Because Defendant is a foreign insurer, Plaintiffs served the Mississippi Insurance Commissioner on September 19, 2023, which in turn forwarded the Summons and Complaint to Defendant.

Defendant received the Complaint on October 5, 2023.[1]  Thus, this Notice of Removal is timely under Title 42 U.S. § 1446(b)(1).[2]

**B.     The Parties**.

Plaintiffs have pled that they are residents of Pearl River County, Mississippi.  Exhibit A (Complaint at ¶ 1).  Defendant is a foreign corporation incorporated in the state of Georgia with its principal place of business in Philadelphia, Pennsylvania. See Georgia Secretary of State statement attached as Exhibit "B."

**C.     Facts Alleged in the Complaint.**

Plaintiffs own a rental home located at 1206 Kingsway Drive in Picayune, Mississippi, which allegedly suffered significant damage as a result of Hurricane Ida which made land fall on August 29, 2021.  Exhibit A (Complaint at ¶¶ 4-6).  Plaintiffs allege they made a property insurance claim and that Defendant underpaid them on the claim.  *Id.* at ¶¶ 7-8.  They claim the home had to be gutted and it "required a new roof, new decking, sheetrock remediation and replacement, painting of ceilings and walls; and replacement of flooring, among other things."  *Id.* at ¶ 5.

---

[1] See *Burton v. Continental Casualty Co.,* 431 F. Supp. 2d 651, 656 (S.D. Miss. 2006) which held that in cases where a statutory agent is served with the summons and complaint, the named defendant's time to remove the action does is not triggered until the defendant actually receives the pleading.  Inasmuch as Defendant here did not receive the Summons and Complaint until October 5, 2023, this Notice of Removal is timely.

[2] Title 42 U.S. § 1446(b)(1) provides:

> (b) Requirements; Generally.—
>
> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Plaintiffs allege they "also lost contents, and their damages caused them to incur additional living expenses." *Id.*

Plaintiffs raise claims of breach of contract, bad faith breach of contract, intentional breach of contract, breach of covenant of good faith and fair dealing, negligent infliction of emotional distress, and mistake and clerical errors. *Id.* at ¶¶ 9-25. On their breach of contract and bad faith breach of contract claims, Plaintiffs seek damages "to make them whole." *Id.* at ¶¶ 8, 11. According to Count I of the Complaint, their breach of contract claim, they demand damages for the covered loss, property loss, loss of use, mileage, personal property damage and loss, anxiety, emotional distress, pain and suffering, medical expenses, worry and mental distress with interest from and after the submission of the claim through the Defendant's denial of said claim. *Id.*

On their bad faith breach of contract claim in Count II of the Complaint, Plaintiffs assert that Defendant acted with malice, gross negligence or reckless disregard for their rights. *Id.* at ¶ 14. Plaintiffs claim they are entitled to damages for property loss, loss of use, mileage, personal property damage, loss, anxiety, emotional distress, pain and suffering, worry and mental distress. *Id.* at ¶ 15.

Next, on their intentional breach of contract claim in Count III of the Complaint, Plaintiffs assert that Defendant's actions in failing to adequately pay a covered loss under the insurance contract were intentional, purposeful and or made with gross negligence giving rise to an independent tort due to the "abuse, insult and intentional wrongdoing" by the Defendant. *Id.* at ¶ 17. On this claim, Plaintiffs seek the same damages as under its breach of contract and bad faith breach of contract claims, "including but not limited to, emotional distress, pain and suffering, medical bills, out-of-pocket costs, repair costs, and mileage. *Id.*

As to their claims for the breach of covenant of good faith and fair dealing in Count IV of the Complaint, Plaintiffs generally seek "consequential damages, special damages, attorneys' fees, interest, and punitive damages." *Id.* at ¶ 19.  In Count V of the Complaint, Plaintiffs raise a negligent infliction of emotional distress claim.  On this claim, they say they have suffered "the harms listed herein, including emotional distress, pain and suffering, medical bills, out-of-pocket costs, repair costs, loss of use, loss of premium payments mileage, and other general costs.  *Id.* at ¶ 22.

In Count VI of the Complaint, Plaintiffs make a claim for "mistake or clerical errors." Under this claim, Plaintiffs allege they are entitled to damages pursuant to *Universal Life Ins. Co. v. Veasley*, 610 So. 2d 290, 295-96 (Miss. 1992), and loss of use, mileage, personal property damage and loss, anxiety, emotional distress, pain and suffering, worry and mental distress, along with the damages they seek on the other claims. *Id.* at ¶ 25.

In Plaintiffs' claim for "DAMAGES" in the Complaint, they demand damages "for tortious economic and non-economic damages, past, present and future emotional and physical pain and suffering, contractual and extra-contractual damages, "*Veasley*" damages, punitive or exemplary damages, and/or other economic losses to be determined by a jury, together with post-judgment interest, with all attorneys' fees and costs.  *Id.* at ¶ 27, 28.

**D.      This Court has original subject matter jurisdiction under title 28 U.S.C. § 1332(a).**

The statutory basis for the removal of a case to federal court is set forth at 28 U.S.C. §1441(a) which states, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."  Subject matter jurisdiction here is on the basis of diversity of citizenship under 28 U.S.C. § 1332(a) and because the amount in controversy is greater than $75,000. *Id.*

### 1. Complete diversity of citizenship exists.

As alleged in the Complaint, Plaintiffs are residents of Pearl River County, Mississippi. Exhibit A (Complaint at ¶ 1). Defendant is a foreign corporation incorporated in the state of Georgia with its principle place of business in Pennsylvania. Exhibit B (Georgia Secretary of State statement). Therefore, there is complete diversity of Plaintiffs and Defendant.

### 2. The amount in controversy exceeds $75,000.

For removal based on diversity jurisdiction, the amount in controversy must exceed the jurisdictional amount of $75,000. 28 U.S.C. § 1332(a). District courts use two methods to determine the amount in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Removal is proper if it is apparent from the face of the complaint that the plaintiff's claims are likely to exceed $75,000. *Id*. Second, where it is not facially apparent by the complaint that the claims are likely to be above $75,000, a removing party may support federal jurisdiction by setting forth the facts that support a finding of the requisite amount. *Id.*; *see also Beichler v. Citigroup, Inc.*, 241 F. Supp. 2d 696, 699 (S.D. Miss. 2003). Removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs as set forth in 28 U.S.C. 1332(a).[3]

---

[3] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (explaining the Act).

In determining the amount in controversy, the court may refer to the types of claims alleged, as well as the nature of the damages sought. *Allen,* 63 F.3d at 1336; *see also In Re: Exxon Chemical Fire*, 558 F.3d 378 (5th Cir. 2009) (the amount in controversy can be proven from injuries identified in petition). "When the amount in controversy is not apparent, [the court] may then rely on summary judgment type evidence." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quotation and citation omitted); *see also Maddox v. Walgreen, Co.*, 3:05CV430BN, 2005 WL 8171695, at *2 (S.D. Miss. Aug. 26, 2005).

Although the Complaint does not state the amount in controversy, the factual allegations of Plaintiffs' injuries and damages demonstrate the amount in controversy exceeds the minimum amount for federal jurisdiction. First, the claimed losses to their home are substantial. Plaintiffs claim the rental property "had to be gutted." Exhibit A (Complaint at ¶ 5). They allege the property required a new roof, new decking, sheetrock remediation and replacement, painting of ceilings and walls and replacement of flooring, among other things. *Id*. Plaintiffs claim to have losses of the contents of the rental property in addition to losses in living expenses, medical expenses and out-of-pocket expenses for the repairs made to the rental property. *Id*. at ¶¶ 5, 11, 22. They claim they have suffered "loss of use", a reasonable inference of which is that they have been unable to rent the property. *Id*. at ¶¶ 11, 15, 22.

In addition to the losses as to the rental property and other contractual damages, Plaintiffs allege they have both suffered anxiety, emotional distress, pain and suffering, worry and mental distress due to actions and omissions of the Defendant. *Id.* at ¶¶ 11, 15, 25. Indeed, Plaintiffs claim that they are entitled to damages under *Veasley*, 610 So. 2d at 295-96, in which the Mississippi Supreme Court upheld an award of damages for mental anguish on a bad faith breach of insurance contract claim. *Id.* at ¶¶ 25, 28.

This Court has recognized that "[i]t is well settled that if Mississippi law permits punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in computation of the amount in controversy. . . ." *Conner v. First Family Financial Services, Inc.,* No. 4:01cv242, 2002 WL 31056778 at *8 (N.D. Miss. August 28 2002) (internal citations omitted). Even more, this Court has acknowledged that "'[j]uries in Mississippi frequently award damages (compensatory and punitive) in excess of $75,000 in actions based on wrongful denial of insurance benefits.'" *Haney v. Continental Cas. Co.,* No. 3:08cv482, 2008 WL 5111021, at *1 (S.D. Miss. Dec. 2, 2008) (quoting *Chambley v. Employers Ins. of Wausau* 11 F. Supp. 2d 693, 695 (S.D. Miss. 1998)). "Additionally punitive damage awards against insurance companies in Mississippi often exceed $75,000." *Id.* (citing *United Am. Ins. Co. v. Merrill,* 978 So. 2d 613, 636 (Miss. 2007)).

In *Spence v. Safeco Ins. Co. of Am.,* No. 1:11CV427HSORHW, 2012 WL 12884477, (S.D. Miss. Apr. 23, 2012), the plaintiff alleged a claim for the wrongful denial of insurance benefits and sought compensatory damages, consequential damages, punitive damages, pre and post-judgment interest, penalties, costs, and attorneys' fees against his insurer. The plaintiff's complaint, however, did not specify the amount of damages but alleged that the policy limits were $10,000. *Id.* at *1. The insurer removed the case to this Court based on diversity of citizenship, asserting the amount in controversy exceeded the $75,000 jurisdictional requirement for federal court jurisdiction and the plaintiff moved to remand. *Id.* In finding the amount in controversy was met, the court determined that plaintiff's claims, "if proven could result in the imposition of imposition of punitive damages. Since any award of punitive damages based on such [ ] claims when added to compensatory damages, if proven true, would clearly be greater than $75,000, the

7

court concludes that the amount in controversy threshold is met on the face of [Plaintiff's] [C]omplaint." *Spence,* 2012 WL 12884477, *2 (citations omitted).

Similarly, in *Brasell v. Unumprovident Corp.,* No. 2:01CV202-D-B, 2001 WL 1530342, at *1 (N.D. Miss. Oct. 25, 2001), the plaintiff sought benefits under a disability insurance policy issued to him by the defendant and demanded "extracontractual compensatory damages and punitive damages as a result of the Defendant's alleged bad faith denial of the Plaintiff's claim for disability benefits." The complaint in *Brasell* did not pray for a specific amount of damages. *Id.* Like the court in *Safeco*, this court in *Brasell* observed that punitive damage awards against insurance companies regularly exceed $75,000. *Brasell,* 2001 WL 1530342, at *2. The court cited, among others, "*Liberty Mut. Ins. Co. v. McKneely,* No.1999–CA–01857–COA, 2001 WL 379996 (Miss. Ct. App. April 17, 2001) (jury award of $200,000 in punitive damages); *State Farm Mut. Auto. Ins. Co. v. Grimes,* 722 So. 2d 637, 644 (Miss.1998) (affirming jury award of $1,250,000 in punitive damages)." *Brasell,* 2001 WL 1530342, at *2. In addition, the Court noted, "courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction. *Id.* (*citing See, e.g., St. Paul Reinsurance Co., Ltd. v. Greenburg,* 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Co.,* 5 F.3d 81, 84–85 (5th Cir. 1993); *Myers v. Guardian Life Ins. of America, Inc.,* 5 F.Supp. 2d 423, 428–29 (5th Cir. 1998); *Allstate Ins. Co. v. Hilbun,* 692 F.Supp. 698, 701 (S.D. Miss.1988)).

The result in the present case should be the same as in *Safeco* and *Brasell.* Plaintiffs' Complaint demonstrates the amount in controversy exceeds the federal jurisdictional minimum, and the Court has federal jurisdiction over Plaintiffs' claims.

8

**E.     Notice of Filing**

Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit thereto, will be filed in the Circuit Court of Pearl River County, Mississippi and written notice provided to the Plaintiffs.  Pursuant to 28 U.S.C. 1446(a), Defendant attaches as Exhibit "C", a copy of all process, pleadings and orders received by Defendant in this case.

**WHEREFORE PREMISES CONSIDERED**, Defendant Westchester Surplus Lines Insurance Company respectfully submits this Notice of Removal of the State Court Action to this Court.  Defendant requests any further relief to which it may be entitled.

Respectfully submitted, this the 2nd day of November, 2023.

**WESTCHESTER SURPLUS LINES
INSURANCE COMPANY**


**BY:** */s/ Stephen G. Peresich*
**STEPHEN G. PERESICH, MSB #4114
PAGE, MANNINO, PERESICH
& MCDERMOTT, PLLC
759 HOWARD AVENUE
BILOXI, MS 39530
(228) 374-2100/Fax: (228) 432-5539**
stephen.peresich@pmp.org